No. 9843.

MRS. F. K. PHILIPS AND HUSBAND VS. A. LEHMAN & CO. ET ALS.

Creditors who, pending a proceeding in insolvency, elect a syndic who sells under judicial sanction the property mentioned in the bilan, cannot be held in damages, though the proceeding be subsequently annulled and dismissed, when the petition is barren of the charge of malice and want of probable cause.

Forced into court by the debtor, they had a right to protect themselves. If any injury has been sustained in consequence by such debtor, it is *damnum absque injuria,* for which no recovery can be had.

A PPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

Gus A. Breaux for Plaintiff and Appellant:

Where a claim for damages for tort, done by legal proceedings, is based on such unlawful proceedings, prescription of the action commences to run only from the final termination of the suit. Rogas vs. Juillard, 25 Ann. 347; Harvey vs. Pflug, 37 Ann. 906; Wentz vs. Bernhardt, 32 Ann. 637.

The doctrine of *damnum absque injuria* does not apply where the tortious acts are shown to have been done in proceedings decreed absolutely null and void, and as "having never had any existence."

All proceedings in Phillips vs. Her Creditors, for a cession, declared null, void and of no effect. Phillips vs. Her Creditors, 36 Ann. 904; 37 Ann. 701.

The litigation between plaintiff and defendant as to the validity of the forced cession finally determined July, 1885. 37 Ann. 701.

Suit brought December, 1885.

(a) The court will notice its own decrees in the case. Minor vs. Stone. 1 Ann. 283.

Braughn, Buck, Dinkelspiel & Hart, W. S. Benedict, F. D. Chrétien and Chas. Louque for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action sounding in damages. It is brought to recover: 1st, the value of property which the defendants, it is charged, have taken and converted to their own use, without any justification; 2d, for injury done to reputation and business.

On the exceptions filed, the Court ordered the plaintiff to amend, so as to state more specifically the nature of her claim for the *value* of the property, and dismissed the suit for damages alleged to have been done her credit.

The plaintiff appealed from the entire judgment; but *here* states that she merely complains of the dismissal of her suit, so that we are not called upon to pass upon the appealability of the case on the first branch, and have only to determine whether the suit, on the second branch, was or not properly dismissed.

The exceptions set up urged no cause of action and prescription.

It appears that the plaintiff, in the beginning, applied for a respite, which was refused by her creditors. The proceeding was then converted into a *cessio bonorum*. A suspensive appeal by plaintiff from the decree of the court putting her in insolvency, having been dismissed by this Court, she afterwards applied for a devolutive appeal. She subsequently, also, appealed from a judgment homologating a tableau of distribution, proposed by the syndic. Considering that the proceeding for a cession was a nullity, and that all subsequent

proceedings, based thereon, had to share the same fate, this Court dismissed the application for a respite and afterwards reversed the judgment of homologation. 37 Ann. 701; see, also, 36 Ann. 904.

In the meantime, the syndic elected by the creditors had procured an order of sale, under which the stock of plaintiff, mentioned in her *bilan*, was sold.

The defendants were creditors of plaintiff. Forced into court by her, they had a right to protect their interest. The cession having been decreed, they could elect a syndic to liquidate her affairs under judicial authority.

Surely, as the proceedings were annulled and the distribution of the funds by a tableau presented and offered, was denied, the plaintiff has a standing to demand, the value of the stock taken possession of and sold; but she certainly cannot claim damages for whatever injury she may have sustained in consequence of such acts.

She makes no charge on the defendants to draw in question their good faith and honest intentions. This was essential. To hold them responsible, averment and truth of the charges are indispensable. No improper motive is alleged against the defendants, who appear to have acted for their own protection only.

If the plaintiff has thereby sustained any injury, the damage is *damnum absque injuria*. Louque vs. Drez, 37 Ann. 84.

This view of the case renders unnecessary a consideration of the plea of prescription, which was not, however, passed upon below.

Judgment affirmed.